

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| ROSCOE PRIMEAUX, | CIV. 08-4082 |
| Petitioner, | |
| -vs- | OPINION AND ORDER |
| DOUG WEBER, Warden, South Dakota State Penitentiary, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Petitioner, Roscoe Primeaux, an inmate at the South Dakota State Penitentiary, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 16, 2008.

## PROCEDURAL HISTORY

Petitioner was found guilty by a jury of second degree murder and two counts of aggravated assault, and on December 18, 1981, he was sentenced to life in prison with concurrent terms of four years and six years on the aggravated assault counts. Petitioner's conviction was affirmed on appeal by the South Dakota Supreme Court. See State v. Primeaux, 328 N.W.2d 256 (S.D. 1982). Petitioner has filed at least two state habeas petitions. See Doc. 1.

Petitioner has also filed five previous federal petitions: CIV. 84-4086, which was dismissed without prejudice on April 2, 1984; CIV. 88-4098, which was dismissed without prejudice on June 27, 1988; CIV. 94-4022, which was dismissed on its merits and with prejudice June 14, 1995; CIV. 96-4296, which was dismissed without prejudice on January 17, 2001, and CIV. 04-4117, which was dismissed on December 20, 2004.

## DISCUSSION

The court must determine whether Petitioner's current petition should be dismissed as a second or successive petition under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The pertinent part of the Act, 28 U.S.C. § 2244(b)(2) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –

    (A)    the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(i)    the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii)    the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Under AEDPA, to present a second or successive habeas corpus application, "the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In this case, there is no showing that Petitioner has received permission from the Court of Appeals to file a second or subsequent writ of habeas corpus. Further, "claims that were not presented in the earlier habeas application 'shall be dismissed' unless they rely on a new retroactive, previously unavailable rule of constitutional law, or unless their factual predicate could not have been discovered previously through the exercise of due diligence and, if proved, they would establish petitioner's innocence." Vancleave v. Norris, 150 F.3d 926, 929 (8th Cir. 1998) (citing 28 U.S.C. § 2244(b)(2)). Petitioner fails to meet this standard. As a result, pursuant to 28 U.S.C. §§ 2244(b)(2) and (3)(A), this court is required to dismiss the petition.

Accordingly, it is hereby

ORDERED that Petitioner's petition for writ of habeas corpus is denied.

Dated this 3rd day of July, 2008.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
(SEAL)    DEPUTY

2